Efrain PONCE–FRUTOS; Christina Hernandez–Sousa, Petitioners,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 06–74260.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 20, 2007 *.

Filed Dec. 28, 2007.

Charles E. Nichol, Esq., Law Office of Charles E. Nichol, San Francisco, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Lisa M. Arnold, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Karen Y. Stewart, Esq., U.S. Department of Justice Civil Division, Washington, D.C., for Respondent.

Before: GOODWIN, WALLACE, and HAWKINS, Circuit Judges.

MEMORANDUM **

Efrain Ponce–Frutos and Christina Hernandez–Sousa, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order denying their motion to reopen removal proceedings. To the extent we have jurisdic-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tion, it is pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003), and we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion by denying petitioners' motion to reopen, because the BIA considered the evidence they submitted with their motion to reopen that their daughter and Ponce–Frutos were each diagnosed with depression and acted within its broad discretion in determining that the evidence was insufficient to warrant reopening. *See Singh v. INS,* 295 F.3d 1037, 1039 (9th Cir.2002) (The BIA's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational or contrary to law.").

The remaining evidence petitioners presented with their motion to reopen concerned the same basic hardship grounds as their application for cancellation of removal. *See Fernandez v. Gonzales,* 439 F.3d 592, 602–03 (9th Cir.2006). We therefore lack jurisdiction to review the BIA's discretionary determination that the evidence would not alter its prior discretionary determination that they failed to establish the requisite hardship. *See id.* at 600 (holding that 8 U.S.C. § 1252(a)(2)(B)(i) bars this court from reviewing the denial of a motion to reopen where "the only question presented is whether [the] new evidence altered the prior, underlying discretionary determination that [the petitioner] had not met the hardship standard.") (internal quotations and brackets omitted).

To the extent petitioners contend that the BIA failed to consider some or all of the evidence they submitted with their motion to reopen, petitioners have not overcome the presumption that the BIA did

review the record. *See Fernandez v. Gonzales,* 439 F.3d 592, 603 (9th Cir.2006).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**